324-0588. In re marriage of Heidi G. Jachim, appellant and Ronald E. Jachim, appellee. Yep, we're ready. You may proceed. Thank you, Your Honor. The basis of this appeal, from my perspective, is whether or not the court properly granted an order on September 9 of 2024 granting the respondent appellee's motion to vacate. I believe that this particular issue should be considered as follows. When the respondent appellee attacked the order as being void, I believe there are three issues to be considered in whether or not to grant that I believe that to establish that this order is void, the respondent appellee would need to establish one of three things. That the court lacked personal jurisdiction over him, the court lacked subject matter jurisdiction, and then the last issue is whether or not the court had the authority to enter such an order. From my perspective, the trial court had personal jurisdiction over Mr. Jachim since he filed an appearance in the divorce case. One of the disputes that I believe we have is whether or not the court had subject matter jurisdiction, and that will be the majority of my argument here. I believe that there is a difference between whether or not the trial court followed correctly or incorrectly Section 510 of Divorce Law. That is a different issue as to whether or not the court had subject matter jurisdiction to enter the order that it did. Can I just start you though on the 510 question, and I'm just going to ask this. Do you concede the judge did not have jurisdiction under 510 to entertain your client's motion? I believe, your honor, that the court properly could entertain my motion. I pled in the alternative, and I think it would have been more proper for the trial court to grant my client 60% of $86,000 as opposed to 60% of $100,000 like the trial court did. But I guess my question is, hadn't 30 days passed, and if 30 days had passed, how was there, now I know we're not, this isn't the 214.01 question yet, but how was their after 30 days to entertain your motion, either under mathematical calculation? Jurisdiction for three different reasons, Justice. Number one, the court had personal jurisdiction over Mr. Jacob. No one's disputing personal jurisdiction. Let's talk about subject matter jurisdiction. Correct. Subject matter jurisdiction. The reason it was invoked, your honor, is because I filed the petition to enforce the judgment on February 14th of 2018. That triggered subject matter jurisdiction by my filing, and it's never been disputed that I filed that document. Because I did file that document, there was subject matter jurisdiction for the court, and had counsel for Mr. Jacob come in within 30 days, then it would be appropriate to argue whether or not my position was correct, which I believe it was. Because Mr. Jacob did not file a motion attacking the court's ruling within 30 days, then the only thing left is whether or not this court had authority to enter the type of order that it entered. So your honor's question, I believe, would be answered differently if Mr. Jacob's request was filed within 30 days of the May 2nd, 2018 ruling, as opposed to what he did here, which is file it outside of 30 days from May 2nd of 2018. And I believe that that's what you think the answer would have been had it been filed within 30 days. I believe that what the court should have done was grant my client 60 percent of $86,000. I pled in the alternative, give my client 60 percent of $86,000 or 60 percent of $100,000. I did file a proper pleading, and I believe that the court probably should have given my client 60 percent of $86,000, but I pled in the alternative and had the court granted 60 percent of $86,000, it would have been absolutely appropriate under Section 510, because I was simply seeking to enforce the judgment. What happened was the court entered judgment back in 2017, in September 17th, then it entered another order on December 11th of 2017, including extra $86,000 in the marital estate. It was based on the court's inclusion on December 11th of 2017, an extra $86,000 to the estate, where I simply asked to enforce the judgment and make sure, because what the trial court was trying to do was a 60-40 split of the entirety of the estate. Once the court included $86,000 in the estate on December 11th of 2017, it was perfectly within my rights to ask the court to enforce it and make sure that my client received her 60 percent of the $86,000. To the extent the trial court erred, it was by giving my client 60 percent of $100,000 instead of 60 percent of $86,000. That is the error that I contested within 30 days. I believe that it is too late to attack that judgment currently. So the current attack on the judgment is simply saying the same type of argument, that the court should have done nothing after 30 days under 510. However, making that argument after 30 days is different than making that argument within 30 days. After 30 days, the only things that counsel can argue are lack of personal jurisdiction, lack of subject matter jurisdiction, which is defeated by the fact that I filed my pleading on May 2nd of 2018. So the only issue left from my perspective is whether or not Judge Douglas in the trial court in Wheaton had the authority under the Constitution to enter orders in divorce court cases. So I have three Supreme Court cases in support of my position, and in each of these cases, the court found that the orders were not voidable after 30 days because of personal jurisdiction, subject matter jurisdiction, which when we talk about void orders means was something actually filed to present a justiciable matter to the trial court. I filed the justiciable matter before the court, and under the rulings of the Supreme Court, if I'm wrong, the order would have been voidable. I don't believe my position was wrong. So now the question is, is the order void? And the answer is no. I cited the case of McCormick v. Robertson, which is 2015 IL 118230. In that case, the question is, was the trial court's determination void due to mistakes in failing to properly follow the Uniform Child Custody Jurisdiction and Enforcement Act? In that particular case, the court found that the trial court did not follow the statute, just like Mr. Jacob is alleging here, and that the court didn't properly follow the statute. However, because 30 days had passed in the circuit court in Champaign County has original jurisdiction under the Constitution to hear parentage cases, the court said, I'm sorry, we cannot void that order. Because again, a pleading was filed, there was personal jurisdiction. And despite the fact that there may have been a mistake by the trial court, that does not make an order void unless the trial court could not enter that type of order. Next case, another case I cited is In re marriage of Mitchell. And in this particular case, there was a discussion as to whether or not the trial court lacked subject matter jurisdiction. In this particular case, the court found that percentage order for child support rather than a dollar amount is void rather than voidable. And again, this order was attacked more than 30 days after its entry, when you attack an order more than 30 days after entry, if there's personal jurisdiction, a petition is filed, which grants subject matters jurisdiction. The question becomes, is a circuit court given power under our Constitution to address child support orders and in re marriage of Mitchell held that yes, indeed, a circuit court can determine child support issues. So in re marriage of Mitchell, the court found that the order may have been voidable. But you cannot say that it's void if the trial court can hear cases that involve child support orders. The third one that I cited from the Supreme Court, I'm sorry, third case I cited second from the Supreme Court in the matter of voidable or void orders is in re Lewis 239, Illinois 2nd 295. In that particular case, it was a matter of whether or not the trial court had the authority to entertain a juvenile proceeding. In this particular case, the respondent argued that the alleged event occurred before he was 17. But because he was now more than 21 years old under the statute, it would be inappropriate for the trial court to proceed with a parentage action against him. What the court in Louise are stated was that even if there is a dispute as to whether or not the court properly followed the statute, there was personal jurisdiction. And the court said regarding subject matter jurisdiction that absolutely a trial court has authority under the state constitution to hear juvenile court cases. So the issue became, again, you cannot argue after 30 days past that an order is void, if the trial court can make that type of ruling. And if there is a matter filed before the trial court to give it subject matter jurisdiction. So when all these cases where the objecting party came in after 30 days, claiming the order is void, what they're limited to is personal jurisdiction if a pleading was actually filed, which is invoking the subject matter jurisdiction. And then whether or not the court made a mistake is irrelevant for so long as the circuit court can make the types of decisions that were made subject to attack. And in this particular case, it has never been argued by Mr. Jacob that Judge Douglas in the 18th Judicial Circuit did not have authority under the Illinois Constitution to enter an order in a divorce court case. So for those reasons, I believe that my position is correct in that counsel cannot claim that this order is void for lack of subject matter jurisdiction. And I think that has been the confusion in reading the briefs is authority under a statute is not the same as subject matter jurisdiction in the Illinois Supreme Court cases that talk about void versus voidable orders. Any questions for Mr. Chiaro? No. Mr. Chiaro, you now have an opportunity in rebuttal. Thank you. Ms. Krasikowski? Good morning, Justices. Thank you very much. Right off the bat, Mr. Chiaro has argued that Mr. Jacob can't argue that the order is void after 30 days have passed. However, a void order can be attacked at any time. It doesn't have to just be within 30 days. Mr. Chiaro had raised the question in his brief as to whether or not Mr. Jacob waived his right to make this argument. He did not. He made the argument that the court lacked subject matter jurisdiction over the issue of modifying the property allocation in his judgment in his pleading. In his motion to vacate, he alleged that an order of judgment is void where the court lacks jurisdiction of the parties or subject matter or lacks the inherent power to make or enter the particular order. That the court lacks jurisdiction over a matter once 30 days have passed after the entry of the final and appealable order. And that property rights created by a judgment of dissolution become vested when the judgment is final. And a trial court lacks jurisdiction, general jurisdiction to modify an order affecting those rights. He also made, his counsel also made that argument at the hearing that the court lacks subject matter jurisdiction. In that hearing, Ms. Dudasek argued that Section 510 is clear that the court loses subject matter jurisdiction to modify property division after 30 days, unless there's a motion filed. There was no such motion filed within 30 days. The trial court did not err by granting the relief requested in Ronald's motion to vacate the void order because the May 2nd, 2018 order modifying the party's property judgment was void. A judgment or order is void where it is entered by a court which lacks jurisdiction over the parties or the subject matter or lacks inherent power to enter the particular order of judgment. That's the Evans case. So what do you say about the three cases that are argued by Mr. Chiaro in terms of void versus voidable? I don't think that it makes a difference as to Mr. Jacob's argument, but I do believe that it is void. One of the arguments that Mr. Chiaro is making is that essentially the Illinois trial courts under the Constitution have the authority to make rulings regarding family law issues, and that if any ruling made by a court, there's a subject matter jurisdiction that is already so therefore it can't be void. That just does not make any sense because the court cannot make orders that it doesn't have the authority to do, and I think that is clear by virtue of Section 510. The party's judgment for dissolution of marriage had allocated 100% of the marital interest in Catalano to Ronald. After the judgment was entered, there were cross motions to reconsider, and then an order was entered on December 11th that did not modify that allocation of Catalano to Ronald. Neither party filed a motion to reconsider within 30 days. Later on, Ms. Jacob filed a petition to enforce. She argued that the December 11th order should have granted her 60% of the net proceeds of sale of an additional property or should have granted her 60% of the marital interest in Catalano to maintain an overall 60-40 division of property between the parties, but the premise of her petition is not really the enforcement of an existing order. Rather, it's an argument that the December 11th order was flawed and should be fixed, and the court agreed with Heidi and entered an order modifying the judgment with respect to reallocating property, granting Heidi the sum of $60,000 as her share of her interest in Catalano, which she had not had an interest in before. The court lacked the subject matter jurisdiction and the inherent power to make that order because the court loses jurisdiction over a matter once 30 days have passed after the entry of a final and appealable order. And whether a trial court has jurisdiction to modify the property distribution provision of a judgment should be construed within the confines of Section 214.01, but Heidi's petition to enforce was not a Section 214.01 petition. The Redmer case is the one I think that is most applicable here, where in that case the party's judgment allocated temporary possession of the marital residence to the allocation, seeking a longer period of possession of the resident. The issue is whether the court had subject matter jurisdiction to amend the property distribution of the judgment, and the court found that subject matter jurisdiction is lost 30 days after the entry of a judgment, that the husband did not request the relief sought by his petition within 30 days, and that his petition did not allege facts which, if timely presented for post-judgment relief, might have authorized the court to reopen the judgment in order to vacate or modify the property term. And the court held that the trial court did not have the authority to modify the property provision of the judgment because the court lacked general jurisdiction to modify those rights. In our matter at hand, the court lacked subject matter jurisdiction and lacked the inherent power to make or enter that May 2nd order because it modified a property judgment more than 30 days after the without facts present, authorizing the court to reopen the judgment required by Section 214.01. Therefore, the order is void, and the court rightfully vacated it, which it could do at any time. And then further, after that order was entered, Mr. Jacob was found in indirect civil contempt for not complying with that order, so he had to obtain a loan for $60,000 so that he could at an interest rate of 6.5% so that he could pay that money to Ms. Jacob and avoid incarceration. That order is also void, and Mr. Jacob should be made whole. Your Honors, the court lacked subject matter jurisdiction and lacked the inherent power to make or enter the May 2nd order because it modified a property judgment more than 30 days after its entry without facts present, authorizing the court to reopen the judgment. Thus, that order is void, and the court rightfully vacated it. Taken as a whole, Heidi's argument is essentially that no order entered in a domestic relations court can be void if the subject matter of the claim was related to domestic relations and the court had personal jurisdiction over the parties. However, this assertion is totally contrary to Illinois law. Any questions? No. No, thank you. All right. Thank you, counsel. Mr. Quiro, rebuttal. Briefly, if I may, Your Honor. Thank you so much. I agree with counsel that a litigant can attack a void order at any time. My earlier comment was that if counsel wanted to object to Judge Douglas allegedly not following the dictates of Section 510, that particular request needed to be made within 30 days of May 2nd of 2018. So, you can attack a void order at any time, but if you want to say that an order is void, they need to argue either lack of personal jurisdiction, subject matter jurisdiction, or the court cannot enter that type of order. An example of a case where an order can be determined by the court to be void after 30 days is in-rate custody of Ayala, which I cite in my brief, which is 344 ILEP 3rd 574. In that particular case, the issue with subject matter jurisdiction was that there was a petition for rule to show cause and the court entered an order modifying custody. That's an example where there is no subject matter jurisdiction because the relief prayed for was not requested by anyone. That is the distinction that I think we're having here in this case, is that I did file a pleading on February 14th of 2018 to enforce the judgment. That's why my case is different than the Ayala case. That's what subject matter jurisdiction means when we're talking about a void or avoidable order. Subject matter jurisdiction means was something filed before the court that allowed it to enter its ruling. It's never been argued at the trial court or on appeal that I never filed my motion, which is why I think counsel's reliance on whether or not their subject matter jurisdiction might be misplaced and she's using court failing to follow statutory authority is not having subject matter jurisdiction. In this particular case, by filing the petition to enforce on February 14th of 2018, invoked the subject matter jurisdiction of the trial court, Mr. Jacob did not come to court, did not argue, and he did not argue within 30 days that Judge Douglas's relief was actually a modification rather than an enforcement because he did not come in within 30 days and I did file my petition. He simply left with the argument that Judge to rule. He has not made that argument, which is why I believe I'm entitled to release. Well, do we look to the name of your pleading or the relief that you're pleading is seeking? I mean, you call it a motion to enforce, but what you're asking for is a motion, what you're asking for is a modification just because you call it a motion to enforce doesn't necessarily place you within what 510 permits. I mean, it's what you're seeking that we should be looking at, right? I understand that it is actually the relief sought as opposed to the title that is determinative. I do believe that the body of my pleading, regardless of its title, simply seeks to enforce the court's overall distribution of 60-40 based on the court's creation of an extra $86,000. So the form of my pleading and the title of the pleading are the same, but my point for purposes of this appeal is because Mr. Jacob never complained about that order within 30 days, he can no longer state that Judge Douglas made an error in applying section 510. He's now limited because he waited more than 30 days to arguing that Judge Douglas did not have authority to rule on such a pleading, regardless of what I labeled it. That is the distinction that I think matters. If I may, can you discern from the judgment in the order on the cross motions that we consider that there was an error in the 60-40? Can you add up the numbers or not? Yes. The distinction, Justice, was that on December 11th of 2017, Judge Douglas entered in order indicating that there was an extra $86,000 resulting from a sale of property that he did not include in his judgment for dissolution. And that was half of the interest from the sale of property, though, wasn't it? I believe that particular, yes, Mr. Jacob had a half interest in that property, and when the original judgment entered and the court was awarding assets to make it 60-40, the court never included that $86,000. That's why I don't believe I requested a modification. I simply asked that the court give my client what the court said my client was entitled to receive, which was 60% of the estate. Thank you, sir. Justice Holdredge, any additional questions? Oh, no, no. The court thanks both sides for their spirited argument. We will take the matter under advisement and issue a decision in due course.